UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAURY RODRIGUEZ SUAREZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 2:26-cv-01147-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]

(Doc. 1)

FOURTEEN (14) DAY OBJECTION PERIOD

On March 27, 2026, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration Customs and Enforcement (ICE) without a bond hearing as a violation of his due process rights under the Fifth Amendment, and a violation of the Immigration and Nationality Act ("INA"). (Doc. 1 at 7-8). As relief, Petitioner seeks, *inter alia,* a writ of habeas corpus requiring his immediate release from custody. (*Id*. at 9).

On March 27, 2026, Petitioner also filed a motion for a temporary restraining order ("TRO"). (Doc. 2). On April 14, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted the motion. (Doc. 7). In relevant part, the Court found a Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Fifth Amendment. (Doc. 7 at 3).

The Court ordered Respondents to immediately release Petitioner from DHS custody. (Doc. 7 at 4). The Court also permanently enjoined and restrained Respondents from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified. (*Id.*). The district judge referred the matter to undersigned magistrate judge to address the merits of the Petition. (*Id.*). On May 3, 2026, Respondents filed an Answer arguing that the Court should deny the Petition because Petitioner entered the United States without inspection and is therefore an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 8 at 2). Petitioner did not file a reply, and the deadline for doing so has passed.

Having reviewed the record and applicable law, the undersigned adopts the reasoning in the Court's April 14, 2026 Order and concludes that Petitioner's re-detention without a pre-deprivation hearing violated his procedural due process rights. (Doc. 7). This conclusion is consistent with analogous decisions addressing re-detention of noncitizens following conditional release. *See, e.g., Espinoza v. Kaiser*, 2025 WL 2581185, at *11 (E.D. Cal. Sept. 5, 2025); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082-1090 (N.D. Cal. Oct. 15, 2025). Because Petitioner seeks release from unlawful civil detention, the Court recommends the district court grant the petition under 28 U.S.C. § 2241 and fashion the writ to require either continued release on prior conditions or constitutionally adequate pre-deprivation process, as specified in the permanent injunction.

Accordingly, it is RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED and the preliminary injunction entered on April 14, 2026 (Doc. 7) be converted into a permanent injunction implementing the writ, which shall remain in effect; and,
2. The case be CLOSED.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 3, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE