**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

AMAURY RODRIGUEZ SUAREZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CIENTER, et al.,

Respondents.

Case No.: 2:26-cv-01147 JLT HBK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Docs. 1, 11)

Amaury Rodriguez Suarez is an immigration detainee formerly in U.S. Immigration Customs and Enforcement at the California City Detention Facility in California City, California, proceeding pro se on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

On March 27, 2026, Petitioner filed a motion for a temporary restraining order. (Doc. 2.) On April 14, 2026, the district judge converted the TRO to a motion for preliminary injunction, granted the motion, ordered Petitioner's immediate release, provided additional injunctive relief, and referred the matter to the assigned magistrate judge for consideration of the merits. (Doc. 7.)

On August 3, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus for the same reasons the district judge found Petitioner was likely to succeed on the merits of his claim (Doc. 7), and to convert the preliminary

injunction into a permanent injunction implementing the writ, which shall remain in effect. (Doc. 11.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*)

Respondents timely filed objections, arguing that the burden of proof upon future re-detention of Petitioner should fall on the petitioner, as opposed to the government. (Doc. 13.) This argument has been rejected by the Court in numerous prior orders under the circumstances presented in this case, i.e., where the petitioner was previously released on recognizance or parole. *E.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *14 (E.D. Cal. Sept. 5, 2025). Nothing in the Ninth Circuit's recent ruling in *Rodriguez Vasquez v. Bostock,* ___ F.4th ___, 2026 WL 2196424 (9th Cir. July 30, 2026), calls into question the burden-shifting imposed by this Court under the present circumstances.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on August 3, 2026 (Doc. 11) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**
3. The Clerk of Court is directed to terminate all pending deadlines/motions and close this case.

IT IS SO ORDERED.

Dated: _August 21, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE